STATE OF NEBRASKA, APPELLEE, v. HAROLD NUSS, APPELLANT.

188 N. W. 2d 708

Filed July 9, 1971. No. 37904.

Leo M. Bayer, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The question on appeal is whether sentences on guilty pleas to 2 counts against Harold Nuss are excessive. The bill of exceptions incorporates a verbatim record of plea and sentencing hearings, and the presentence report.

Count I charged issuance of an insufficient funds check of $90, and Count II, borrowing of more than $35 by a false statement of financial condition. The court sentenced Nuss to imprisonment: 1 to 2 years on Count I, and 2 to 4 years on Count II, the latter sentence to run consecutively to the former. The maximum statutory punishments were 7 and 5 years respectively.

The loan in Count II had been made in April 1968, for

$3,733.70. The check in Count I was 1 of 10 written in December 1968 and January 1969 for a total of $890. Nuss gave no reason for his conduct, but the checks were written approximately when his offense in Count II was discovered. Nuss then departed for California.

Nuss, age 50 at the sentencing hearing in 1970, had completed 2 years of college. Separation from his wife in 1958 led to divorce in 1960 when their only child was age 15. Nuss' criminal record consisted of 5 prior convictions - 4 misdemeanors and 1 felony. All rested on fraudulent checks. Arrest dates and places of imprisonment were March-April 1956, Nevada; June 1958, Maryland; and 1962, Alaska. On the Alaska conviction Nuss received a discharge after 6 months imprisonment on a 1-year sentence.

At the time of arrest Nuss for 1½ years had been making up displays of fireworks. His employer, a California company, paid him a base salary of $500 a month and a commission of $25 a display. He worked satisfactorily, for the company offered to rehire him. He was not an alcoholic, and no health condition was significant.

This court may reduce the sentence when in its opinion the sentence is excessive. Among the elements, some overlapping, we consider are general and individual deterrence, punishment, and rehabilitation. Each case mainly depends on its own facts.

We modify the 2-to-4 year sentence imposed on Nuss so that it shall run concurrently with the other sentence.

AFFIRMED AS MODIFIED.